**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| WIPQTUS INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. ___________<br><br>**JURY TRIAL DEMANDED** |

---

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WiPQTUS Inc. ("WiPQTUS" or "Plaintiff") files this Complaint for patent infringement against Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung America") (collectively, "Samsung" or "Defendants"), and alleges as follows:

## I. PARTIES

1. WiPQTUS is a Delaware Corporation.

2. Samsung Electronics is incorporated under the laws of the Republic of Korea also known as South Korea. Samsung Electronics is headquartered in South Korea with its principal place of business at 129 Samsung-Ro, YeongtongGu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea. Samsung is a leading manufacturer and seller of smartphones in the world

and in the United States, including this District. On information and belief, Samsung Electronics does business in Texas, including this District, directly or through intermediaries.

3. Samsung America is a New York corporation with a principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660. Samsung America is a wholly owned subsidiary of Samsung Electronics. Samsung America's registered agent for service is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II. JURISDICTION AND VENUE

4. This civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. The Court has subject-matter jurisdiction over the claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, each of the Defendants has directly and/or indirectly imported, exported, made, had made, used, offered for sale, and/or sold the Accused Products (defined below) within the United States, including this District, directly or through intermediaries, that infringe one or more claims of United States Patent No. 10,038,339 titled "Dual Mode Wireless Power Receiver," (the "'339 Patent" or "Asserted Patent") (attached as Exhibit 1), and each continues to do one or more of these infringing acts. On information and belief, customers have purchased and used the Accused Products in this District.

6. The Court has personal jurisdiction over each of Samsung Electronics and Samsung America. Each of the Defendants have committed acts of infringement in this District and continue to commit such acts in this District and/or have placed the Accused Products (defined below) into the stream of commerce knowing that some of such products would be sold in this District.

7. This Court has specific or, alternatively, general personal jurisdiction over Samsung Electronics. Samsung Electronics does business across the world through two-hundred-thirty-three (233) subsidiaries, including forty-six (46) in North Americas as shown in Exhibit 2, a true and correct copy of Samsung Electronics Business Report for the period ending September 30, 2022, p. 5 of 198. Samsung, including its subsidiaries, is organized to include at least two divisions, including the DX Division. *Id*. Samsung Electronic's corporate headquarters located in South Korea oversees the DX Division. *Id*. The DX Division is responsible for the production and sales of, among other things, "HHPs" (which, on information and belief stands for Hand Held Products), which includes smartphones. *Id.*

8. Samsung America has a principal place of business located in New Jersey. Exhibit 2, p. 6 of 198. Samsung America is responsible for the sales of finished products including smartphones. *Id.*

9. Samsung America is registered to do business in Texas. Samsung America also has a principal and/or regular and established place of business in Plano, Texas. Samsung America owns over approximately 335,000 square feet of office space at 6625 Excellence Way, Plano, Texas (the "Plano Facility"), which is in Collin County, Texas. *See* https://www.google.com/maps/place/Samsung+Electronics+America/@33.0648616,-96.6942442,18.56z/data=!4m5!3m4!1s0x864c1ed568b9f137:0x4180099a597d7780!8m2!3d33.064814!4d-96.693733 (last accessed Jan. 19, 2023); Exhibit 3, a true and correct copy of a Collin County Tax Record. In 2022, Samsung America paid $321,858.34 in property taxes to Collin County. *See* Exhibit 4, a true and correct copy of a Collin County tax record. Collin County is in the Eastern District of Texas.

10. On information and belief, Samsung employs over 1,000 employees at the Plano Facility as shown, for example, in Exhibit 5, which is a true and correct copy of an article titled "Samsung engineers in Plano lent some help to new generation of smartphones," Dallas Business Journal, Feb. 18, 2020. On information and belief, the Plano Facility is the mobile headquarters, which overseas certain engineering activities relating to smartphones, in the U.S. *Id*. On information and belief, Samsung America employs persons who reside in the Eastern District of Texas to conduct certain development activities relating to Samsung smartphones and certain Samsung tablets.

11. On information and belief, Samsung owns, operates, or controls, directly or indirectly, one or more factories that manufacture the Accused Products (defined below) knowing and intending that a substantial percentage of such products would be exported to and sold in the United States through Samsung America and/or or another related entity and/or one or more distributors and/or resellers and/or retailers. *See* Exhibit 1, p. 9 of 198 (identifying "major production sites" for HHP output as Korea, Vietnam, Brazil, and Hungary).

12. Samsung Electronics intentionally established one or more distribution channels into the United States, including Texas, including the Eastern District of Texas, placed the Accused Products into the stream of commerce, and/or could have reasonably foreseen that the Accused Products would be sold in the United States, including Texas, including the Eastern District of Texas.

13. In addition and/or in the alternative, Samsung Electronics and Samsung America have acted together as a joint enterprise to distribute the Accused Products in the United States, including Texas, including this District. On information and belief, Samsung Electronics

controls, dictates, or encourages the activities of Samsung America that constitute infringement of one or more claims of the Asserted Patents.

14. For example, and not as a limitation, Samsung Electronics or Samsung America each or collectively operate, directly or indirectly, the website https://www.samsung.com/us/. The Accused Products (described below) are promoted and/or advertised and/or sold on this website.

15. Therefore, the acts of Samsung America constitute those of Samsung Electronics. In addition or in the alternative, Samsung Electronics and Samsung America should be treated as a single enterprise.

16. Each of the Defendants is a foreign corporation transacting business within the state of Texas; is causing tortious injury to WiPQTUS by committing all or part of the tortious acts described herein within the State of Texas, including this District; is causing tortious injury to WiPQTUS in the State of Texas, including this District, by committing all or part of the tortious acts or omissions described herein outside the State of Texas; and/or is causing tortious injury by committing all or part of the tortious acts or omissions described herein outside the State of Texas while regularly conducting or soliciting business or deriving revenue from goods used or consumed or services rendered within the State of Texas, including this District. Each of the Defendants have transacted and continues to transact business in this District and has committed acts of patent infringement in this District. Therefore, this Court has general and specific personal jurisdiction over each of the Defendants under the United States Constitution and the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

17. In addition or in the alternative, in light of the above minimum contacts with the United States, exercising jurisdiction over Samsung Electronics would be consistent with the

United States Constitution and laws. This Court has personal jurisdiction over Samsung Electronics under Fed. R. Civ. P. 4(k)(2) upon service of the Complaint.

18. Venue in this District is proper as to Samsung Electronics pursuant to 28 U.S.C. §§ 1400(b) and 1391(b)(3) because it is a foreign corporation not resident in the United States.

19. Venue is proper as to Samsung America pursuant to 28 U.S.C. § 1400(b) because it has committed acts of infringement and has an established place of business in this District.

## III. FACTUAL ALLEGATIONS

### The Asserted Patent

20. WiPQTUS is the owner by assignment of United States Patent No.10,038,339 titled "Dual Mode Wireless Power Receiver," (the "'339 Patent" or "Asserted Patent"), a true and correct copy of which is attached as Exhibit 1. The '339 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 31, 2018.

21. WiPQTUS has not made, sold, offered for sale, or sold within the United States any patented article nor has it licensed the Asserted Patent. Therefore, WiPQTUS has complied with 35 U.S.C. § 287.

### The Accused Products

22. Samsung is the largest smartphone manufacturer in the world and exceeds Apple in world-wide sales. Samsung introduced the Samsung Galaxy S10 in February 2019. *E.g.,* https://en.wikipedorg/wiki/Samsung_Galaxy_S_series#Samsung_Galaxy_S10. One of the new features apparently appearing for the first time was a feature referred to as "reverse wireless charging." *Id.* Samsung also referred to this feature as "Wireless PowerShare." Prior devices could be wirelessly charged ("Qi/PMA") but could not also charge another device.

23. All or, alternatively, some of Samsung's smartphones introduced subsequent to the S10 in 2019 have included Wireless PowerShare. https://www.androidpolice.com/samsung-wireless-powershare-everything-you-need-to-know/ (last accessed Jan. 24, 2023). For example, and not as a limitation, the following photograph (from the aforementioned website) shows a Samsung phone charging earbud devices.




24. For example, the Samsung Fold introduced in February 2019 included Wireless PowerShare. As another example, the Galaxy Note10 introduced in August 2019 included Wireless PowerShare. Subsequently, the following devices were introduced that included Wireless PowerShare: Galaxy 520, 520+, S20 Ultra, Z Flip, Note10, Note10+, 510e, 510, 510+, and Fold. On information and belief, at least as of April 2022, the following phones offer Wireless PowerShare (according to one third-party source): Galaxy S10 series; Note10 series,

S20 series, Z Flip/3 and Fold/2/3; Note20 series; S21; and S22 series. https://www.androidpolice.com/samsung-wireless-powershare-everything-you-need-to-know/; https://www.samsung.com/us/support/answer/ANS00082564/ (last accessed Feb. 13, 2023). More particularly, these series include: Samsung S22, S22+, S22 Ultra, S21, S21+, S21 Ultra, Note20 5G, Note20 Ultra 5G, Note10, Note10+, Note10+ 5G, Fold, Z Fold2, Z Fold3, and Z Fold4, Z Flip, Z Flip 5G, Z Flip3, ZFlip4, Samsung S20 5G, S20+ 5G, S20 Ultra 5G, and S20 FE, S10e, S10, S10+, and S10 5G. These and all similar and/or subsequently introduced Samsung smartphones having "reverse wireless charging" or "Wireless PowerShare" are referred to herein as the "Accused Products."

25. On information and belief, the Accused Products include and use wireless power transceivers from various vendors.

26. For example, and not as a limitation, based on publicly available teardowns, it appears that Samsung's 2019 mobile products such as the Galaxy S10+ used IDT's P9320S while the 2020 mobile products such as the S20 family use a similar chip, referred to as a MIW04 or MIW04X02 or S2MIW04, which is believed to be made by Samsung or for Samsung by a third party. *See, e.g.*, https://www.techinsights.com/blog/samsung-galaxy-s10-teardown (last accessed Feb. 7, 2023); https://www.techinsights.com/blog/samsung-galaxy-s20-teardown-analysis (last accessed Feb. 7, 2023).

27. As another example, and not as a limitation, on information and belief, the Samsung S22 includes and uses either the Renesas P9320S or the MIW04, which is made by Samsung or for Samsung by a third-party supplier. *E.g.*, https://www.ifixit.com/Guide/Samsung+Galaxy+S22+Chip+ID/148072 (last accessed Feb. 7, 2023).

28. As another example, and not as a limitation, on information and belief, the Samsung Galaxy Z Flip4 includes and uses either an IDT or Renesas P9320S or the S2MIW04, which is made by Samsung or for Samsung by a third-party supplier. https://zhuanlan.zhihu.com/p/577056785 (last accessed Jan. 24, 2023).

29. The datasheets for the P9320S chip and the MIW04 chip are not publicly available. However, on information and belief, these chips are materially (with respect to the Asserted Patent) the same as the IDT/Renesas P9415. A true and correct copy of the Datasheet for the P9415 is attached as Exhibit 6.

30. These and all other Samsung smartphones that include either the P9320S chip or MIW04 chip or another materially similar wireless power transceiver chip to provide the Wireless PowerShare functionality are included within the meaning of "Accused Products" as used herein.

## IV. FIRST CLAIM FOR RELIEF - INFRINGEMENT OF THE ’339 PATENT

31. WiPQTUS incorporates paragraphs 1 through 30 as though fully set forth herein.

32. The '339 Patent includes twenty (20) claims.

33. Each Defendant has directly infringed one or more claims of the '339 Patent by making, having made, importing, using (including for testing or demonstrations), offering for sale, and/or selling the Accused Products in the United States all in violation of 35 U.S.C. § 271(a) and/or by inducing distributers and/or retailers and/or resellers and/or end-users of such products in the United States to directly infringe in violation of 35 U.S.C. § 271(b).

34. For example, without limitation, each end-user of the Accused Products directly infringes one or more claims of the '339 Patent when using these products as intended by the Defendants. More particularly, without limitation, each end-user of the Accused Products

directly infringes one or more claims of the '339 Patent when the end-user utilizes the Wireless PowerShare feature of the Accused Products.

35. More particularly, without limitation, each Defendant, while knowing of the ’339 Patent at least by the filing of this lawsuit, has provided, made, imported, offered for sale, or sold the Accused Products in the United States directly or indirectly to end-users knowing and intending that the end-user would use the Wireless PowerShare feature, and also knowing that such act would infringe one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(a).

36. The Defendants’ acts of infringement have occurred within this District and elsewhere throughout the United States.

37. As a result of the Defendants’ infringing conduct, WiPQTUS has suffered damages. Each of the Defendants is liable to WiPQTUS in an amount that adequately compensates it for each Defendants’ infringement in an amount that is no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. Each of the Defendants had actual notice of the '339 Patent at least by the filing of this lawsuit yet, in spite of such notice, has continued to willfully engage in infringing acts. Therefore, WiPQTUS is entitled to enhanced damages up to treble damages under 35 U.S.C. § 284.

39. In light of at least each of the Defendants’ willful infringement, this case should be declared exceptional, and attorneys’ fees should be awarded under 35 U.S.C. § 285.

## V. REQUEST FOR RELIEF

WHEREFORE, WiPQTUS respectfully requests that judgment be entered as follows:

A. Declaring that each of the Defendants has directly infringed one or more claims of the Asserted Patent;

B. Declaring that each of the Defendants has induced infringement of one or more claims of the Asserted Patent;

C. Declaring that the claims of the Asserted Patents are valid and enforceable;

D. Awarding damages to WiPQTUS in an amount to be proven at trial but in no event less than a reasonable royalty under 35 U.S.C. § 284;

E. Awarding, as appropriate, expenses, costs, and disbursements incurred this action against Defendants, including prejudgment and post-judgment interest.

F. Awarding enhanced damages up to treble damages for each of the Defendants' willful acts of infringement under 35 U.S.C. § 284;

G. Declaring this to be an exceptional case as to each of the Defendants, and awarding attorneys' fees under 35 U.S.C. § 285; and

H. Awarding such other and further relief as this Court deems just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, WiPQTUS hereby demands a trial by jury of all issues so triable.

Dated: February 14, 2023

Respectfully submitted,

*/s/ Brian A. Carpenter*

Brian A. Carpenter (SBN 03840600)
Theodore G. Baroody (SBN 01797550)
CARSTENS, ALLEN & GOURLEY, LLP
7500 Dallas Pkwy, Suite 300
Plano, Texas 75024
(972) 367-2001
(972) 367-2002 Fax
carpenter@caglaw.com
baroody@caglaw.com

**ATTORNEYS FOR PLAINTIFF
WIPQTUS INC.**